United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| Elva Nava, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-19-1252 |
| Wal-Mart Stores Texas, LLC, | § § § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Background.*

    On July 9, 2018, Elva Nava was shopping at a Walmart store in Houston when she slipped on a clear substance in the detergent aisle, injuring herself.

    Nava sued Wal-Mart Stores Texas, LLC for premises liability. Wal-Mart has moved for summary judgment, arguing that Nava has no evidence that Wal-Mart had actual or constructive knowledge of the wet floor. Wal-Mart also argues that Nava was adequately warned about the spill.

2. *Premises Liability.*

    To survive a motion for summary judgment on a premises liability claim, Nava must show some evidence that Wal-Mart had actual or constructive knowledge of the danger. Constructive knowledge may be shown by the condition existing for long enough or being big enough to have been discovered through reasonable inspection.

    Nava says we can infer from the surveillance video that Wal-Mart knew about the wet floor. The video shows a customer walking into the aisle and dropping a bottle of detergent. She looks at the shelves and walks out of the aisle,

leaving the spilled bottle on the floor. Four minutes later, a McDonalds employee pulls a trash can past the aisle and stops. She approaches a Wal-Mart employee and the two women walk off-screen. The McDonalds employee – still partially in view – points in the general direction of the aisle.

This gesture is the only evidence that Wal-Mart knew about the wet floor. Nava says this clip shows the McDonalds employee telling the Wal-Mart employee about the spill. The video does not show a conversation; no evidence shows that the women talked. Even if they did talk, no evidence shows that the women talked about the spill. The conversation – whether it happened and was about the wet floor – is irrelevant.

Owners are not liable for injuries on the premises if invitees are adequately warned. Two minutes after the women had walked off-screen, the McDonalds employee returns and puts an orange caution cone near the bottle. For about 23 minutes, customers walk through the aisle and around the cone and spill in the video. Nava was the only customer who slipped.

Nava acknowledges that Wal-Mart warned her about the spill, but she says it is still liable for her injuries because the warning was inadequate. According to Nava, the caution cone was warning customers about the bottle on the floor, not the spill. This argument, in addition to being nonsensical, is unhelpful. In her deposition, Nava said that she did not see the bottle or spill because she was looking at the shelves. The video confirms that Nava walked into the aisle and did not look at the floor before she slipped and fell near the cone.

Whether the caution cone was warning Nava about the bottle or the spill, she was not paying attention. Other "endangered customers" were filmed avoiding the bottle and the spill. Wal-Mart is not liable for her injuries caused by her negligence.

3. Conclusion.

Because Wal-Mart adequately, reasonably warned her about the spill, Elva Nava will take nothing from Wal-Mart Stores Texas, LLC.

Signed on January 20, 2021, at Houston, Texas.

                                      Lynn N. Hughes
                                 United States District Judge